UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BONNETTE and LINDA FAYE GRANT-JONES,<br><br>Plaintiffs,<br><br>v.<br><br>LELAND ROSS DICK, *et al.*<br><br>Defendants. | Case No. 1:18-cv-0046-DAD-BAM<br><br>ORDER ON PLAINTIFF'S IN FORMA PAUPERIS APPLICATION<br><br>(ECF No. 3)<br><br>**THIRTY (30) DAY DEADLINE** |

Pro se Plaintiffs Phillip Bonnette and Linda Faye Grant-Jones filed this action against Defendants regarding a land dispute. (ECF No. 1). Plaintiff Phillip Bonnette simultaneously filed a motion to proceed in forma pauperis ("IFP") pursuant to Title 28 of the United States Code section 1915(a). (ECF No. 3).

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed

in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Further, although only one filing fee is required per case, where there are multiple plaintiffs, a court may consider the availability of funds from each of the plaintiffs in determining whether to grant IFP status. *See Nur v. Blake Development Corp.*, 664 F. Supp. 430, 431 (N.D. Ind. 1987).

The IFP Motion was submitted and is signed by Mr. Bonnette only, and contains no information regarding Plaintiff Linda Faye Grant-Jones' finances. This leaves open the obvious possibility that Plaintiff Grant-Jones, the other signatory on the Complaint, has resources to pay the filing fee. *See Darden v. Indymac Bancorp, Inc.*, 2009 WL 5206637 at *1 (E.D. Cal. Dec. 23, 2009) ("Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee."). The evidence before the Court demonstrating Plaintiffs' assets is therefore inconclusive and Plaintiffs must clarify their financial situation and adequately demonstrate financial hardship before they are allowed to proceed in forma pauperis.

///
///
///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is DENIED, without prejudice;

2. The Clerk of the Court is directed to serve this order and a blank IFP application for non-prisoners on Plaintiffs;

3. Within **thirty (30) days** from the date of service of this order, Plaintiffs shall file the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action;

4. No extension of time will be granted without a showing of good cause; and

5. **Plaintiffs are warned that the failure to comply with this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: **May 3, 2018**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE