UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BONNETTE and LINDA FAYE GRANT-JONES,<br><br>Plaintiffs,<br><br>v.<br><br>LELAND ROSS DICK, et al.,<br><br>Defendants. | No. 1:18-cv-00046-DAD-BAM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 10) |

Plaintiffs Phillip Bonnette and Linda Faye Grant-Jones, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging various violations of state and federal law. (Doc. No. 1.) On February 5, 2019, more than a year after their complaint in this action was filed, plaintiffs filed a motion for a temporary or permanent restraining order. (Doc. No. 10.) For the reasons set forth below, plaintiffs' motion will be denied.

Plaintiffs bring this action against multiple individuals, some of whom are apparently associated with the Fresno County Sheriff's Department. Although the allegations of their complaint are somewhat opaque, plaintiffs generally allege violations of law resulting from the alleged trespass onto plaintiffs' land. (Doc. No. 1 at 10–18.) Plaintiffs' pending motion for a restraining order states that several defendants have "a well-formed plan to act in a manner that will surely cause petitioners serious bodily harm daily continuing nuisance intrusion of invasion

1

[*sic*]." (Doc. No. 10 at 2.) Specifically, plaintiffs contend that defendants will "beat his ass on his own private property recklessness driving running in/out speeding traffic daily to present non-stop." (*Id.*) Plaintiffs' motion seeks to enjoin defendants from doing so. (*Id.* at 3.)

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).[1] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

/////

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *All. for the Wild Rockies*, 632 F.3d at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

The court notes that defendants do not appear to have been notified of the filing of this motion. Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Even assuming that the allegations in plaintiffs' pending motion could be construed to show immediate and irreparable injury, the motion contains no averment that any attempt was made to give notice to the adverse parties. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–32 (9th Cir. 2006).

Accordingly, plaintiffs' motion for a temporary restraining order (Doc. No. 10) is denied.

IT IS SO ORDERED.

Dated: **February 5, 2019**

UNITED STATES DISTRICT JUDGE