UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BONNETTE and LINDA FAYE GRANT-JONES, <br><br> Plaintiffs, <br><br> v. <br><br> LELAND ROSS DICK, *et al*, <br><br> Defendants. | Case No. 1:18-cv-0046-DAD-BAM <br><br> **ORDER DENYING MOTION TO AMEND AS MOOT** <br><br> **(Doc. No. 9)** |

Plaintiffs Phillip Bonnette and Linda Faye Grant-Jones ("Plaintiffs") are proceeding pro se and in forma pauperis in this action. On January 11, 2018, Plaintiffs filed a complaint which totaled two hundred and seventy-three (273) pages in length, including nearly thirty pages of opaque factual allegations and recitations of legal standards, which appears to generally allege violations of law against multiple defendants arising out of alleged trespass on to Plaintiffs' land. (Doc. No. 1.) On June 13, 2018, the Court issued an order which granted Plaintiffs' applications to proceed in forma pauperis, notified Plaintiffs of the Court's obligation to screen complaints of pro se litigants proceeding in forma pauperis, and informed Plaintiffs that the Court has many such cases pending before it, but their complaint would be screened in due course. (Doc. No. 8.) On February 5, 2019, before the Court had an opportunity to screen Plaintiffs' complaint, Plaintiffs filed a motion seeking leave to amend their complaint. (Doc. No. 9.)

Currently before the Court is Plaintiffs' motion to amend. (Doc. No. 9.) Plaintiffs generally state that they wish to "clarify" the original complaint, but do not describe any proposed new

1

allegations in any detail and have not lodged a copy of the proposed amended complaint. (*Id.*)

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend his or her pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Plaintiffs have not yet amended the complaint in this action and no defendant has yet appeared or been served. Accordingly, leave to amend is not required and Plaintiffs may file an amended complaint if they desire to do so. Plaintiffs are reminded of the Court's obligation to screen complaints of pro se litigants proceeding in forma pauperis and, if Plaintiffs elect to file an amended complaint, it will be screened in due course.

Plaintiffs are further reminded that Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiffs' operative complaint is neither short nor plain and lacks clear factual allegations regarding the incident at issue as well as the involvement of various defendants. Plaintiffs are therefore cautioned that any pleading filed with the Court, including an amended complaint, must comply with Federal Rule of Civil Procedure 8 by clearly and succinctly stating what happened, when it happened, and who was involved.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, Plaintiff's motion to amend (Doc. No. 9) is DENIED as moot.

IT IS SO ORDERED.

Dated: **February 6, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2