| | |
|---|---|
| PHILLIP BONNETTE and LINDA FAYE GRANT-JONES,<br><br>Plaintiffs,<br><br>v.<br><br>LELAND ROSS DICK, *et al*,<br><br>Defendants. | Case No. 1:18-cv-0046-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiffs Phillip Bonnette and Linda Faye Grant-Jones ("Plaintiffs") are proceeding pro se and in forma pauperis in this action against Defendants Leland Ross Dick, Michael Herbert Crowley, Ronald James Works, the Fresno County Sheriff's Department, Margaret Mims, Kevin Lolkus, Daniel Epperly, Sean Quinn, Sergeant Hansen, and John Epickson. (Doc. No. 1.) Plaintiffs' complaint, filed on January 11, 2018, is currently before the Court for screening.[1]

---

[1] On February 5, 2019, before the Court had an opportunity to screen the complaint, Plaintiffs filed a motion seeking leave to amend. (Doc. No. 9.) The Court denied the motion as moot on the grounds that Plaintiffs had not yet amended the complaint and no defendant had yet appeared or been served, and Rule 15 of the Federal Rules of Civil Procedure therefore permitted Plaintiffs to amend their pleading once as a matter of course. (Doc. No. 12.) To date, Plaintiffs have not filed an amended complaint.

1

## I. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiffs' complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiffs' claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## I. Plaintiffs' Allegations

Plaintiffs' complaint totals two hundred and seventy-three (273) pages in length, including nearly thirty pages of opaque factual allegations and recitations of an assortment of legal standards, accompanied by lengthy exhibits which appear to consist of various documents related to state court civil and criminal proceedings between the parties, complaints filed with the Fresno County Sheriff's Office, and several photos of Plaintiffs' property and deceased animals. (Doc. No. 1.)

Plaintiffs' allegations in the complaint are unclear. It is difficult to discern the precise claims Plaintiffs are seeking to raise, which defendants they intend to assert those claims against, and the factual allegations that support those claims. However, affording the allegations the most

liberal reading possible, Plaintiffs appear to generally allege that multiple defendants have trespassed on to Plaintiffs' real property and that various law enforcement defendants have failed to assist Plaintiffs in excluding those trespassing defendants from the property. (Doc. No. 1.)

**III. Discussion**

Plaintiffs' complaint fails to allege that the Court has subject matter jurisdiction over this dispute and does not comply with Federal Rule of Civil Procedure 8. However, as Plaintiffs are proceeding pro se, they will be granted leave to amend their complaint to cure the below-identified deficiencies to the extent they can do so in good faith. To assist Plaintiffs, the Court provides the pleading and legal standards that appear applicable to their claims.

**A. Subject Matter Jurisdiction**

Based on the limited information that can be discerned from the complaint, Plaintiffs have not established that federal jurisdiction is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. They can only adjudicate cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, Plaintiffs' complaint must establish the existence of subject matter jurisdiction as federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Id.* at 377. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594-595 (9th Cir. 1996); *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984.) Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

**1. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Here, Plaintiffs seek "general damages according to proof, however, no less than the jurisdictional limit of this court[.]" (Doc. No. 1.) However, the party asserting diversity jurisdiction bears the burden of proof and

there is nothing in the complaint establishing that the amount in controversy exceeds $75,000.00. *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986.) Moreover, the complaint appears to indicate that all parties are citizens of California. If the parties are all California citizens, this destroys the requisite "complete diversity." *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008), *cert. denied*, 556 U.S. 1221 (2009). Accordingly, it appears from the allegations of the complaint that the Court lacks diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiffs' complaint appears to allege a California state law claim for trespass. *See Allred v. Harris,* 14 Cal.App.4th 1386, 1390 (1993). While Plaintiffs recite the text of multiple federal statutes in their complaint, it is not clear from the allegations whether these statutes have any application to the facts or how this action relates to any federal question. As currently pled, the complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. It therefore appears from the allegations of the complaint that the Court lacks federal question jurisdiction. Plaintiffs are further advised that any amended complaint must allege facts that establish this Court's jurisdiction.

### B. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

4

factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiffs must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Plaintiffs' complaint is neither short nor plain. As a basic matter, the complaint lacks clear factual allegations regarding the incident at issue as well as the involvement of the various defendants. It is confusing, convoluted, and fails to set forth the facts in a comprehensible manner. The complaint does not clearly articulate the facts giving rise to any claim and does not specifically identify what harm was inflicted by each defendant. Plaintiffs are cautioned that any amended complaint must comply with Federal Rule of Civil Procedure 8 by clearly and succinctly stating what happened, when it happened, and how each defendant was involved.

Plaintiffs' complaint additionally contains several lengthy exhibits. While exhibits are permissible if incorporated by reference, they are not necessary in the federal system of notice pleading. *See* Fed. R. Civ. P. 8(a), 10(c). The Court strongly suggests to Plaintiffs that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiffs will have the opportunity at that time to submit their evidence.

Insofar as Plaintiffs reference exhibits attached to the complaint as the source of the facts underlying this claim, the Court notes that these exhibits exceed 240 pages and necessarily contravene Rule 8's requirement of a short and plain statement of Plaintiffs' claims. Plaintiffs are further cautioned that it is not the Court's duty to wade through lengthy and convoluted exhibits to determine whether cognizable claims have been stated, and the Court declines to do so here. *See White v. Kennedy,* 2014 WL 128143, *3 (E.D. Cal. Jan. 8, 2015.)

Plaintiffs must submit a complaint to the Court that meets the requirements of Rule 8. Plaintiffs shall separate their claims so that it is clear what claims are being presented and which defendant is involved in each claim. Further, for each claim, Plaintiffs shall clearly and succinctly

5

set forth the facts that Plaintiffs believe give rise to the claim. "Each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). Moreover, "each claim founded on a separate transaction or occurrence ... must be stated in a separate count." *Id.* Accordingly, the requirements of Rule 8 have not been satisfied and Plaintiffs' complaint will be dismissed with leave to amend.

### C. Rooker-Feldman Doctrine

Finally, it appears that Plaintiffs may be attempting to challenge actions occurring in state court through the filing of this action. According to the exhibits to the complaint, there have been several state court proceedings, including civil restraining orders and criminal complaints, filed against some or all of the defendants as a result of the same alleged trespass upon which this action may be based. (Doc. No. 1.) Although unclear, Plaintiffs appear to allege that these state court proceedings were decided improperly. However, federal district courts have no authority to review such proceedings of the state courts. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S. Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S. Ct. 592 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker—Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims."). Accordingly, to the extent that Plaintiffs seek Court intervention for actions occurring in state court, Plaintiffs seek relief this Court cannot provide.

### II. Conclusion

Plaintiffs' complaint fails to assert facts establishing subject matter jurisdiction, and does not comply with Federal Rule of Civil Procedure 8. As Plaintiffs are proceeding *pro se*, the Court will grant Plaintiffs an opportunity to amend their complaint to cure the deficiencies to the extent they are able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiffs' constitutional rights or otherwise harmed Plaintiffs. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." *Twombly,* 550 U.S. at 555 (citations omitted).

Additionally, Plaintiffs may not change the nature of this suit by adding new, unrelated claims in their first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiffs are advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiffs' amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' complaint is dismissed with leave to amend for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiffs shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3. **If Plaintiffs fail to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and failure to state a claim.**

IT IS SO ORDERED.

Dated: __**April 4, 2019**__  /s/ *Barbara A. McAuliffe* _
UNITED STATES MAGISTRATE JUDGE