1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   PHILLIP BONNETTE, et al.,              Case No. 1:18-cv-0046-DAD-BAM

12                   Plaintiffs,

13          v.                              SCREENING ORDER GRANTING
                                            PLAINTIFFS LEAVE TO FILE A SECOND
14   LELAND ROSS DICK, et al.,              AMENDED COMPLAINT

15                   Defendants.

16                                          (Doc. No. 15)

17

18

19          Plaintiffs Phillip Bonnette and Linda Faye Grant-Jones ("Plaintiffs") are proceeding pro se

20   and in forma pauperis in this action against Defendants Leland Ross Dick, Michael Herbert

21   Crowley, Ronald James Works, the Fresno County Sheriff Margaret Mims, Kevin Lolkus, Daniel

22   Epperly, Sean Quinn, Sergeant Hansen, and John Epickson. On April 5, 2019, the Court screened

23   Plaintiffs' complaint and granted leave to amend. (Doc. No. 14.) Plaintiffs' first amended

24   complaint is currently before the Court for screening. (Doc. No. 15.)

25          **I.      Screening Requirement and Standard**

26          The Court screens complaints brought by persons proceeding pro se and in forma

27   pauperis. 28 U.S.C. § 1915(e)(2). Plaintiffs' complaint, or any portion thereof, is subject to

28   dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

                                             1

1    granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28

2    U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint must contain "a short and plain statement of the claim showing that the

4    pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

7    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

8    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

9    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

10       Pro se litigants are entitled to have their pleadings liberally construed and to have any

11   doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012),

12   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims

13   must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably

14   infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss*

15   *v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a

16   defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

17   satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

18       **II.      Plaintiffs' Allegations**

19       Plaintiffs' amended complaint arises out of various instances of alleged trespass by their

20   neighbors on to Plaintiffs' private property. Plaintiffs name their neighbors Leland Ross Dick,

21   Michael Herbert Crowley, and Ronald James Works (the "Neighbor Defendants") as well as the

22   Fresno County Sheriff Margaret Mims, Deputy Sheriff Kevin Lolkus, Deputy Sheriff Daniel

23   Epperly, Deputy Sheriff Sean Quinn, Sergeant Hansen, and Deputy Sheriff John Epickson (the

24   "Sheriff's Department Defendants") as defendants.

25       According to Plaintiffs, the Neighbor Defendants claim a prescriptive easement through

26   Plaintiff's property but have no easement or legal right to access Plaintiff's property at all.

27   Plaintiffs allege that the Neighbor Defendants never had permission to enter Plaintiffs' property

28   and Plaintiffs have warned Defendant Works many times to stay off their property. Each time

2

Plaintiffs have stopped the Neighbor Defendants from entering onto their property, the Neighbor Defendants have called the Fresno County Sheriff's Department. The Sheriff's Department Defendants have then told Plaintiffs that there is nothing they can do because it's a civil matter. Plaintiffs allege that the Sheriff's Department Defendants are illegally and intentionally protecting the Neighbor Defendants' trespass on Plaintiffs' private property. Sheriff Margaret Mims is alleged to be in the care of the other Sheriff's Department Defendants.

Defendant Dick allegedly called the Fresno County Sheriff's Department on December 4, 2009, because Plaintiffs locked their gates and removed Defendant Dick's access to a road through Plaintiffs' property. Deputy Sheriff Epperly allegedly ignored Plaintiff's posted signs stating, "No Trespassing," "Private Property," and "Civil Code § 1008" and further wrote a false police report.

On December 19, 2009, Plaintiffs locked their gates and the Neighbor Defendants cut the locks off. The Neighbor Defendants then called the Fresno Sheriff's Department twice more on the same day when Plaintiffs relocked their gate. Deputy Sheriffs Quinn and Hansen then allegedly used a master key to unlock Plaintiffs' lock on one occasion and a bolt cutter to cut chain link on the gate on another occasion. Deputy Sheriffs Quinn and Hansen then allegedly told the Neighbor Defendants to put their own personal lock on Plaintiffs' gate. Plaintiffs further allege that the Sheriff's Department Defendants told Plaintiffs that the Neighbor Defendants' property is landlocked, and they have a prescriptive easement to access Plaintiffs' driveway.

On January 13, 2010, Defendant Crowley "had a crime report written up" for trespass against Plaintiffs.

On December 22, 2016, Deputy Sheriff Lolkus sent Plaintiffs a letter stating that the easement issue was a civil matter and ignoring Plaintiffs' claims of trespass. Deputy Sheriff Lolkus' letter further stated that Plaintiffs' allegations against an unidentified Fresno County Sheriff's Department employee were frivolous and an investigation into the matter was closed.

On December 10, 2017, Deputy Sheriff Epickson allegedly told Plaintiffs that they cannot lock their gate to keep the Neighbor Defendants out. Deputy Sheriff Epickson allegedly further said that the Neighbor Defendants can do whatever they want and cut the lock off to get through

3

1  Plaintiffs' property if they have to.

2        The Neighbor Defendants have allegedly given out "thousands of keys" to unlock

3  Plaintiffs' gate and have damaged Plaintiffs' driveway by "running in/out daily night and day 7

4  days a week 365 days a year." Plaintiffs further allege that the Neighbor Defendants poisoned one

5  of Plaintiffs' horses that had been sold to a third party for $50,000.00, have poisoned "most of the

6  250 horses of open range plus some Stallion [sic] in pens in the barn" on Plaintiffs' property, and

7  have poisoned "top breed dogs on chains as well in [sic] kennels." The Neighbor Defendants have

8  also allegedly stolen some horses and dogs from Plaintiffs' property, damaged and stolen gas

9  from vehicles located on Plaintiffs' property, and destroyed Plaintiffs' turkey ranch business.

10  Plaintiffs further allege that the Neighbor Defendants' dogs and cats run loose through Plaintiffs'

11  property and kill Plaintiffs' livestock. The Neighbor Defendants also purportedly leave Plaintiffs'

12  gate open so that Plaintiffs' horses and livestock get out onto the main road. The Neighbor

13  Defendants also allegedly keep Plaintiffs' grandchildren from playing in the yard and "almost run

14  over them[.]" Plaintiffs further allege that the Neighbor Defendants come through their property

15  with horse and cow trailers and that horses have been stolen after these horse and cow trailers

16  enter Plaintiffs' property. The Neighbor Defendants have also allegedly posted their home

17  number address on Plaintiffs' property.

18        Plaintiffs' amended complaint alleges that Defendants violated 42 U.S.C. §§ 1983, 1985,

19  and 1986 and sets forth claims for trespass, invasion of privacy, and failure to prevent conspiracy

20  to deprive federal protected rights.

21        **III.    Deficiencies in the Complaint**

22        Plaintiffs' complaint does not comply with Federal Rule of Civil Procedure 8 and fails to

23  state a cognizable claim for relief. However, as Plaintiffs are proceeding pro se, they will be

24  granted leave to amend their complaint to cure the below-identified deficiencies to the extent they

25  can do so in good faith. To assist Plaintiffs, the Court provides the pleading and legal standards

26  that appear applicable to their claims.

27        **A.    Federal Rule of Civil Procedure 8**

28        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

The majority of Plaintiffs' amended complaint is an impermissible "shotgun" pleading. A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). The amended complaint alleges various claims but does not state which facts relate to which claim or how the facts relate to the legal claims raised. Plaintiffs fail to adequately describe specific actions taken by each of the defendants named in the complaint that violated their constitutional rights. Instead, the complaint is filled with opaque, scattershot factual allegations and generalized statements. Plaintiffs lump Defendants together in the majority of their claims and it is not clear which claims Plaintiffs intend to assert against each of the respective Defendants. This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

Plaintiffs must set forth factual allegations against each named defendant sufficient to state a claim. If Plaintiffs elect to amend their complaint, they must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the particular defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a). The failure to do so may result in dismissal of this action.

**B.      42 U.S.C. § 1983—Civil Conspiracy**

Plaintiffs' amended complaint sets forth a claim for Failure to Prevent Conspiracy to Deprive Federal Protected Rights. (Doc. No. 15 at 8-9.) In the "General Factual Allegations"

portion of their complaint, Plaintiffs allege that the Sheriff's Department Defendants and/or Sheriff Margaret Mims[1] "deprived Plaintiffs' rights under title 42 U.S.C. § 1983 and Amendment XIV, United States Constitution Bill of Rights, Title 42 U.S.C. § 1985, Title 42 U.S.C. § 1986 of unauthorized entry of property." (*Id.* at 6.)

A plaintiff may allege a civil conspiracy under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *Dyess ex rel. Dyess v. Tehachapi Unified Sch. Dist.*, 2010 WL 3154013, at \*8 (E.D. Cal. Aug. 6, 2010) (citing *Dixon v. City of Lawton,* 898 F.2d 1443, 1449, n. 6 (10th Cir. 1990); *Klingele v. Eikenberry,* 849 F.2d 409, 413 (9th Cir. 1988); *Cohen v. Norris,* 300 F.2d 24, 27–28 (9th Cir. 1962); *Hopper v. Hayes,* 573 F.Supp. 1368, 1371 (D. Idaho 1983)). A conspiracy under 42 U.S.C. § 1983 is "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law." *Dyess,* 2010 WL 3154013, at \*8 (quoting *Dixon,* 898 F.2d 1443, 1449, n. 6.) In the context of conspiracy claims brought pursuant to section 1983, a complaint must allege facts to support the existence of a conspiracy among the defendants. *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. *Sykes v. California*, 497 F.2d 197, 200 (9th Cir. 1974).

Conspiracy allegations must be more than mere conclusory statements. *Mosher v. Saalfeld,* 589 F.2d 438, 441 (9th Cir. 1979) ("[M]ore than vague conclusory allegations are required to state a [conspiracy] claim [under section 1983]"); *Lockary v. Kayfetz,* 587 F.Supp. 631, 639 (N.D. Cal. 1984) ("Allegations of conspiracies must be supported by material facts, not merely conclusory statements."). "To establish a conspiracy, a plaintiff must demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights." *Mendocino Environmental Center v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). "The defendants must have, by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." *Id.* The agreement need not be overt and

---

[1]   As discussed herein, the complaint fails to comply with Federal Rule of Civil Procedure 8 and it is unclear whether these claims are asserted against Sheriff Mims only, each of the Sheriff's Department Defendants, or all Defendants including the Neighbor Defendants. Moreover, it is unclear whether Plaintiffs intend to name the County of Fresno as a defendant.

may be inferred on the basis of circumstantial evidence, such as a showing that the alleged conspirators committed acts unlikely to have been undertaken without an agreement. *Id.* "[A] conclusory allegation of agreement at some unidentified point does not supply adequate facts to show illegality." *Twombly,* 550 U.S. at 557. A plaintiff must plead "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 556. Allegations that identify "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," and allegations that identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights," both have been held to be sufficiently particular to properly allege a conspiracy. *Dyess*, 2010 WL 3154013, at *8 (citations omitted).

Plaintiffs' amended complaint does not allege sufficiently specific facts in support of their allegations that the defendants conspired to deprive them of their civil rights. The complaint does not contain any factual allegations showing an agreement or "meeting of the minds" between the defendants to deprive Plaintiffs of their civil rights. *See Iqbal*, 556 U.S. at 676 (requirement that plaintiff allege facts showing plausible claim for relief "asks for more than a sheer possibility that a defendant has acted unlawfully"; complaint pleading "facts that are 'merely consistent with' a defendant's liability ... 'stops short of the line between possibility and plausibility of 'entitlement to relief'"") (citation omitted). There are no facts supporting how a conspiracy was formed or explaining how Plaintiffs' injuries resulted from a conspiracy. Instead, Plaintiffs provide little more than a "mere allegation of conspiracy without factual specificity." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). To state a claim, Plaintiffs must plead facts showing which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of their constitutional rights. *Powell v. Cty. of Solano*, 2020 WL 1923169, at *7–8 (E.D. Cal. Apr. 21, 2020) (citing *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997)). Plaintiffs' broad allegations that some or all of the defendants conspired with each other are insufficient.

Furthermore, in order to "recover under a [section] 1983 conspiracy theory, a plaintiff

7

must plead and prove not only a conspiracy, but also a deprivation of rights; pleading and proof of one without the other will be insufficient." *Dyess,* 2010 WL 3154013, at *8 (quoting *Dixon,* 898 F.2d 1443, 1449, n. 6.) The "essence of a [section] 1983 claim is the deprivation of the right rather than the conspiracy" and the conspiracy is not itself a constitutional tort under section 1983. *Id.*; *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012). A section 1983 conspiracy theory does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Lacey,* 693 F.3d at 935.

Plaintiffs' claim for Failure to Prevent Conspiracy to Deprive Federal Protected Rights does not identify an underlying constitutional violation. (*See* Doc. No. 15 at 8-9.) However, the General Allegations section earlier in the amended complaint states that Plaintiffs were deprived of their rights under "Amendment XIV, United States Constitution Bill of Rights[.]" (*Id.* at 6.) For the reasons discussed below, Plaintiffs have not adequately alleged an underlying constitutional violation. If Plaintiffs elect to amend their complaint, they should identify which rights they contend were violated and explain how each defendant is involved.

### C.   42 U.S.C. § 1985—Civil Conspiracy

A plaintiff may also allege a civil conspiracy under 42 U.S.C. § 1985. Section 1985(3)[2] prohibits conspiracies to deprive persons or classes of persons of the equal protection of the law or of equal privileges and immunities under the law. 42 U.S.C. § 1985(2). Section 1985 does not create a cause of action for conspiracies to deprive persons of rights guaranteed only by state law and it applies only to discriminatory deprivations of federal rights. *United Brotherhood of Carpenters, Local 610 v. Scott,* 463 U.S. 825 (1983). In order to properly state "a cause of action under [section] 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United

---

[2]      The language of 42 U.S.C. § 1985(1) (preventing United States officer from performing his duties) and 42 U.S.C. § 1985(2) (obstructing justice) is inapplicable to the facts as alleged by Plaintiffs.

States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

As with civil conspiracies under section 1983(3), "[a] mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985." *Powell*, 2020 WL 1932169, at *8; *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim under [section 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient."). Plaintiffs have not alleged a plausible section 1985(3) claim for the same reasons discussed above, namely that they have not alleged facts showing a conspiracy or acts by Defendants in furtherance of the conspiracy.

Additionally, "[t]he language [of section 1985(3)] requiring intent to deprive of equal protection ... means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[3] *Griffin*, 403 U.S. at 102; *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002); *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002); *Sever*, 978 F.2d at 1536. To state a cause of action under section 1985(3), Plaintiffs must show "(1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' . . . and (2) that the conspiracy was 'aimed at interfering with rights' that are 'protected against private, as well as official encroachment.'" *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993) (citations omitted). "The original purpose of § 1985(3), which was passed as the Ku Klux Klan Act of 1871, was to enforce the rights of African Americans and their supporters. . . . . We have extended § 1985(3) to protect non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection.'" *Huling v.*

---

[3]     Unlike a conspiracy under 42 U.S.C. § 1985, a conspiracy under 42 U.S.C. § 1983 does not require a plaintiff to plead a racial or class-based animus. *Dyess*, 2010 WL 3154013, at *8 (citing *Dixon*, 898 F.2d at 149, n. 6; *Klingele*, 849 F.3d at 413.)

*City of Los Banos*, 869 F. Supp. 2d 1139, 1144–45 (E.D. Cal. 2012) (citing *Sever,* 978 F.2d at 1536).

Here, the amended complaint does not allege any class-based discrimination. Plaintiffs do not allege that they are members of a class deserving of suspect or quasi-suspect classification. While Plaintiffs allege that they are disabled veterans, this is not a class requiring special protection within the meaning of section 1985. *See Bonner v. Lewis,* 857 F.2d 559, 565 (9th Cir. 1988) ("Handicapped individuals are not a suspect class."); *Garrett v. City of Seattle,* 2011 WL 679466, at *4–6 (W.D. Wash. Feb. 9, 2011) ("[Section] 1985 does not protect disabled veterans[.]");*Swisher v. Collins,* 2008 WL 687305 at *21 (D.Idaho 2008) (finding disabled veterans were not within a class protected by section 1985(3)). Moreover, Plaintiffs do not allege Defendants were motivated by racial or class-based discriminatory animus. Plaintiffs accordingly do not state a cognizable claim for civil conspiracy under section 1985(3).

### D.   42 U.S.C. § 1986—Failure to Prevent Civil Conspiracy

A cause of action pursuant to 42 U.S.C. § 1986 for failure to prevent a civil conspiracy may be brought against any person who knows that a conspiracy is actionable under either sections 1983 or 1985(3) is about to be committed, has the power to prevent or aid preventing the conspiratorial wrongs, and fails to or neglects to act. 42 U.S.C. § 1986; *Lac du Flambeau Bank of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.,* 759 F.Supp. 1339, 1352 (W.D. Wis. 1991). Thus, a finding of conspiracy under either section 1983 or section 1985 is a necessary prerequisite to a finding of liability under section 1986. *Escamilla v. City of Santa Ana*, 606 F. Supp. 928, 934 (C.D. Cal. 1985), *aff'd*, 796 F.2d 266 (9th Cir. 1986). Here, because Plaintiffs have not stated a cognizable section 1983 or section 1985 civil conspiracy claim, they likewise have not alleged a cognizable claim under section 1986.

### E.   42 U.S.C. § 1983—Deprivation of Rights

Plaintiffs allege that "Defendants, 'the Sheriff' people' Fresno County Sheriff's Department, Margaret Mims, Head Sheriff ("Margaret") is in care of these officers, deprived Plaintiffs rights under Title 42 U.S.C. Section 1983 and Amendment XIV, United States

1    Constitution Bill of Rights[.]" (Doc. No. 15 at 6.) In light of Plaintiffs' pro se status the Court

2    construes the allegations of the amended complaint as raising a claim for deprivation of rights

3    under 42 U.S.C. § 1983. If Plaintiffs intend to pursue a claim for deprivation of rights under 42

4    U.S.C. § 1983, any amended complaint should separately and clearly state this claim.

5         "To state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right

6    secured by the federal Constitution or statutory law, and (2) allege that the deprivation was

7    committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063,

8    1067 (9th Cir. 2006). A defendant's conduct was engaged in under color of state law if they were

9    clothed with the authority of the state and were purporting to act thereunder, whether or not the

10   conduct complained of was authorized or, indeed, even if it was proscribed by state law. *Marshall*

11   *v. Sawyer*, 301 F.2d 639, 646 (9th Cir. 1962) (citing *Monroe v. Pape*, 365 U.S. 167 (1961);

12   *Screws v. United States*, 325 U.S. 91 (1945)).

13        Here, Plaintiffs allege that they were deprived of their rights under the Fourteenth

14   Amendment and the "United States Constitution Bill of Rights."[4] (Doc. No. 15 at 6.) Plaintiffs'

15   broad reference to the "United States Constitution Bill of Rights" is insufficient to state a

16   cognizable claim under section 1983 because Plaintiffs must link each named defendant with

17   some affirmative act or omission that demonstrates a violation of Plaintiffs' federal rights. *See*

18   *Constable v. Hara*, 2008 WL 2302599, at *2 (E.D. Cal. May 30, 2008) ("In order to state a claim

19   for relief under section 1983, plaintiff must link each named defendant with some affirmative act

20   or omission that demonstrates a violation of plaintiff's federal rights.") Plaintiffs fail to explain

21   how their rights under each of the ten constitutional amendments that make up the Bill of Rights

22   were violated or link any defendant to an alleged deprivation. Similarly, with respect to Plaintiffs'

23   reference to the Fourteenth Amendment, it is not clear whether Plaintiffs intend to allege

24   violations of the Citizenship Clause, the Privileges or Immunities Clause, the Due Process Clause,

---

25   [4]      Plaintiffs' second claim also refers to an invasion of their privacy under Article 1 of the California

26   Constitution. However, section 1983 only applies to deprivations of rights secured by the federal Constitution or
     statutory law. *See Anderson v. Warner,* 451 F.3d 1063, 1067 (9th Cir. 2006) ("Section 1983 does not create any
     substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges

27   to actions by state and local officials."); *see also Witt v. Ware,* 2014 WL 5818055, at *1 (W.D. Wash. Nov. 10, 2014)
     ("Section 1985 does not create a cause of action for conspiracies to deprive persons of rights guaranteed only by state

28   law and it applies only to discriminatory deprivations of federal rights.").

1  the Equal Protection Clause, or some combination of these. The Court cannot discern from the

2  amended complaint which of Plaintiffs rights arising under the Fourteenth Amendment were

3  violated or what affirmative act or omission each defendant committed to cause such a violation.

4  If Plaintiffs choose to amend their complaint, they must specify the alleged violations and allege,

5  in specific terms, how each defendant is involved.

6         **F.**     **Linkage Requirement**

7      The Civil Rights Act, under which certain claims proceed, provides:

8          Every person who, under color of [state law] ... subjects, or causes
        to be subjected, any citizen of the United States ... to the
9          deprivation of any rights, privileges, or immunities secured by the
        Constitution ... shall be liable to the party injured in an action at
10          law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

12  the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.

13  *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976).

14  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

15  right, within the meaning of section 1983, if he does an affirmative act, participates in another's

16  affirmative acts, or omits to perform an act which he is legally required to do that causes the

17  deprivation of which complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

18      Plaintiffs allege a chronology of events and circumstances beginning in 2009 and

19  apparently allege that each act purportedly violated their rights. However, Plaintiffs fail to link

20  many of the defendants to any of their claims. Instead, Plaintiffs frequently lump the Neighbor

21  Defendants, the Sheriff's Department Defendants, and/or all defendants together in their claims.

22  If Plaintiffs elect to amend their complaint, they must allege what each individual defendant did

23  or did not do that resulted in a violation of their constitutional rights. Plaintiffs must clearly

24  identify which defendant(s) they believe are responsible for each violation of their constitutional

25  rights and set forth the supporting factual basis so that the complaint places each defendant on

26  notice of Plaintiffs' claims against him or her. *See Austin v. Terhune,* 367 F.3d 1167, 1171 (9th

27  Cir. 2004). A chronological listing is insufficient, and Plaintiffs must instead link each defendant

28  to specific constitutional claims.

1    **G.    Municipal Liability**

2         The caption of the amended complaint names "Fresno County Sheriff's Department" and

3    "Margaret Mims, Head Sheriff" as defendants. (Doc. No. 15 at 1.) Additionally, Plaintiffs allege

4    that "Fresno County Sheriff's Department, Margaret Mims, Head Sheriff" deprived Plaintiffs of

5    their civil rights. (*Id.* at 6.) It is unclear from the allegations of the amended complaint whether

6    Plaintiffs intend to name the Fresno County Sheriff itself as a defendant. However, if Plaintiffs

7    intend to allege claims under section 1983 against the Fresno County, they must allege a policy,

8    practice, or custom which violates the U.S. Constitution.

9         A claim for civil rights violations pursuant to section 1983 requires a "person" who acted

10   under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or

11   municipalities, are considered "persons" within the meaning of section 1983. *Will v. Michigan*

12   *Dept. of State Police,* 491 U.S. 58, 70 (1989). However, a municipality may not be held

13   responsible for the acts of its employees under a respondent superior theory of liability. *Monell,*

14   436 U.S. at 690–91; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Rather, to

15   state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional

16   deprivation that was the product of a policy or custom of the local government unit. *See City of*

17   *Canton, Ohio, v. Harris,* 489 U.S. 378, 385 (1989). A claim against a local governmental unit for

18   municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the

19   'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los*

20   *Angeles,* 477 F.3d 652, 667 (9th Cir. 2007) (citing *Monell,* 436 U.S. at 694–695.) Moreover, the

21   Sheriff's department is a law enforcement agency or department of the County of Fresno, but it is

22   not a "person" subject to suit under § 1983. *See e.g., United States v. Kama,* 394 F.3d 1236, 1239

23   (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered

24   'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL

25   5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995))

26   ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v.*

27   *Dep't of Social Servs*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)], sub-departments or

28   bureaus of municipalities, such as the police departments, are not generally considered "persons"

1   within the meaning of § 1983.");

2      Here, Plaintiffs have failed to allege facts demonstrating that the alleged constitutional

3   violations were caused by a deliberate policy, custom or practice of Fresno County. Plaintiffs

4   must, at a minimum, identify the challenged policy, explain how it is deficient, and explain how it

5   caused Plaintiffs harm. *See Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal.

6   2009). Further, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose

7   liability under *Monell*[.]" *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). If

8   Plaintiffs elect to amend their complaint, they must identify the policy, custom or practice that

9   Plaintiffs elect to challenge, explain how it is deficient, and explain how it caused them harm.

10     **H.     Supervisory Liability**

11     Plaintiffs name Sheriff Margaret Mims as a defendant and allege that she was "in care of"

12   the other Sheriff's Department Defendants. (*See* Doc. No. 15 at 2-3, 6, 8-9.) To the extent

13   Plaintiffs seeks to hold Sheriff Mims, or any other defendant, liable based upon their supervisory

14   positions, they may not do so.

15     Liability may not be imposed on supervisory personnel for the actions or omissions of

16   their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v.*

17   *Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton,* 588 F.3d

18   1218, 1235 (9th Cir. 2009); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). Supervisors

19   may be held liable only if they "participated in or directed the violations, or knew of the

20   violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);

21   *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

22   570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the

23   official implemented "a policy so deficient that the policy itself is a repudiation of the

24   constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of*

25   *San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted),

26   *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

27     Although Plaintiffs name Sheriff Margaret Mims as a defendant, Plaintiffs have not

28   alleged that Sheriff Mims was personally involved in any alleged constitutional deprivation or

1   that she knew of any such violations and failed to act to prevent them. Plaintiffs also have not

2   alleged Sheriff Mims implemented a deficient policy which was a "repudiation of . . .

3   constitutional rights." *Redman*, 942 F.2d at 1146. Therefore, Plaintiffs have failed to state a

4   cognizable claim against Sheriff Mims.

5         **I.     Private Parties**

6         It is unclear from the allegations of the complaint whether Plaintiffs intend to bring claims

7   under section 1983 against the Neighbor Defendants. To the extent they intend to do so, Plaintiffs

8   must establish that these private individuals were acting under color of state law. *See O'Guinn v.*

9   *Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary

10  element of a § 1983 claim").

11        Generally, private parties do not act under color of state law for section 1983 purposes.

12  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct

13  by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916,

14  922 (9th Cir. 2011). The ultimate issue in determining whether a person is subject to suit under a

15  federal civil rights action is whether the alleged infringement of federal rights is fairly attributable

16  to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of*

17  *L.A.*, 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color

18  of law" to be held liable under § 1983). Simply put, section 1983 "excludes from its reach merely

19  private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v.*

20  *Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotations omitted).

21        Here, Plaintiffs have not stated any factually plausible allegations that the Neighbor

22  Defendants were acting under color of state law or that they engaged in any infringements of

23  federal rights that are fairly attributable to the government. The mere fact that the Neighbor

24  Defendants called the Fresno County Sheriff's Department does not make them state actors,

25  particularly where, as here, Plaintiffs have failed to allege joint action or conspiracy as discussed

26  further above. Accordingly, Plaintiffs have failed to state a cognizable claim under section 1983

27  against the Neighbor Defendants.

28

1        **J.**     **Statute of Limitations**

2              Plaintiffs appear to bring claims that are time-barred under the applicable statute of

3      limitations according to the face of the amended complaint. The relevant statute of limitations for

4      claims brought under 42 U.S.C. § 1986 is one year. 42 U.S.C. § 1986. For claims brought

5      pursuant to 42 U.S.C. §§ 1983 and 1985, the statute of limitations is the forum state's statute of

6      limitations for personal injury actions. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *see*

7      *also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting California's two-year statute of

8      limitations for personal injury actions applies to § 1983 claims); *McDougal v. County of Imperial,*

9      942 F.2d 668, 674-674 (9th Cir. 1991) *overruled on other grounds by Lingle v. Chevron U.S.A.,*

10     *Inc.*, 544 U.S. 528 (2005) ("suits under § 1985(3) are . . . governed by the same statute of

11     limitations as actions under § 1983). The California statute of limitations for personal injury

12     actions is two years. Cal. Code Civ. Proc., § 335.1. Although California law determines the

13     limitations period, federal law determines when a claim accrues. *Olsen v. Idaho State Bd. Of*

14     *Medicine,* 363 F.3d 916, 926 (9th Cir. 2004). Under federal law, a claim accrues "when the

15     plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting

16     *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

17             "Failure to comply with the applicable statute of limitations may be grounds for dismissal

18     at the screening stage if it is apparent from the face of the complaint that plaintiff cannot 'prevail,

19     as a matter of law, on the equitable tolling issue.'" *Tafoya v. City of Hanford*, 2020 WL 1083823,

20     at *5 (E.D. Cal. Mar. 6, 2020) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir.

21     1993); *Kelly v. Islam*, 2018 WL 2670661, at *2 (E.D. Cal. June 1, 2018); *El-Shaddai v. Stainer*,

22     2016 WL 7261230, at *21 (C.D. Cal. Dec. 13, 2016)). In actions where the federal court borrows

23     the state statute of limitations, courts should also borrow all applicable provisions for tolling the

24     limitations period found in state law. *Jones*, 393 F.3d at 927. This applies to both statutory and

25     equitable tolling. *Id.* ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute

26     of limitations for personal injury actions, along with the forum state's law regarding tolling,

27     including equitable tolling, except to the extent any of these laws is inconsistent with federal

28     law.").

1    "Equitable tolling under California law 'operates independently of the literal working of

2    the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure

3    fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*,

4    31 Cal.4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to

5    equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2)

6    defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3)

7    plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (internal

8    quotation marks and citation omitted).

9        In support of their third claim for Failure to Prevent Conspiracy to Deprive Federal

10   Protected Rights, Plaintiffs allege "Defendants, 'the Sheriff's people' Fresno County Sheriff's

11   Department Margaret Mims, Head Sheriff is in case of these officers, deprived Plaintiffs of their

12   protected rights on 04 December 2009 against the 'bad neighbors' trespassers." (Doc. No. 15 at

13   8.) Accordingly, Plaintiffs appear to base their claims arising under sections 1983, 1985, and

14   1986 on the events which occurred on December 4, 2009, which is outside the applicable statute

15   of limitations. However, even if the Plaintiffs intend to rely on the other events alleged in the

16   amended complaint, the only incidents involving the Sheriff's Department Defendants that

17   potentially appear to come within the two-year statute of limitations for Plaintiffs' section 1983

18   and 1985 claims are: (1) the December 22, 2016 letter from Deputy Sheriff Lolkus stating that the

19   easement issue was a civil matter and Plaintiffs' allegations against an unidentified Fresno

20   County Sheriff's Department employee were frivolous and an investigation in to the matter was

21   closed; and (2) the December 10, 2017 statement by Deputy Sheriff Epickson that Plaintiffs

22   cannot lock their gate to keep the Neighbor Defendants out and the Neighbor Defendants can do

23   whatever they want and cut the lock off to get through Plaintiffs' property. With respect to

24   Plaintiffs' section 1986 claim, only the December 10, 2017 statement by Deputy Sheriff Epickson

25   appears to fall within the one-year statute of limitations. Plaintiffs' allegations indicate that they

26   were present during each of these incidents and had reason to know of their injuries at the time

27   they occurred. Plaintiffs further do not allege any facts indicating equitable tolling applies.

28       Therefore, according to the amended complaint, Plaintiffs' claims pursuant to sections

1983 and 1985 based on events which occurred prior to January 11, 2016, and their claims

pursuant to section 1986 based on events which occurred prior to January 11, 2017, are facially

time-barred and not cognizable. If Plaintiffs intend to pursue claims under sections 1983, 1985,

and 1986 based on events prior to these dates, any amended complaint should allege facts

establishing that the statute of limitations has not run or that equitable tolling applies.

**K.      State Law Claims**

Plaintiffs also assert state law claims for trespass and invasion of privacy. (Doc. No. 15 at

6-8.) Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the

action within such original jurisdiction that they form part of the same case or controversy under

Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that

"if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although the court may

exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable

claim for relief under federal law. See 28 U.S.C. § 1367. In the absence of any cognizable federal

claims, the Court declines to screen or otherwise address any purported state law claims.

**IV.     Conclusion**

Plaintiffs' amended complaint does not comply with Federal Rule of Civil Procedure 8

and fails to state a cognizable claim for relief. As Plaintiffs are proceeding pro se, the Court will

grant Plaintiffs an opportunity to amend their complaint to cure the deficiencies to the extent they

are able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiffs' constitutional rights or

otherwise harmed Plaintiffs. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual

allegations must be [sufficient] to raise a right to relief above the speculative level . . .." *Twombly*,

550 U.S. at 555 (citations omitted).

Additionally, Plaintiffs may not change the nature of this suit by adding new, unrelated

claims in their first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

Finally, Plaintiffs are advised that an amended complaint supersedes the original complaint. *Lacey,* 693 F.3d at 927. Therefore, Plaintiffs' amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Within thirty (30) days from the date of service of this order, Plaintiffs shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

2.     **If Plaintiffs fail to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **June 22, 2020**                    /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE